IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Willie Sylvester Merriweather, ) | |
| ) | |
| Petitioner, ) | Case No. 8:10-cv-2566-MBS-JDA |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Warden Levern Cohens, Ridgeland ) | |
| Correctional Institution, Ms. Myers, ) | |
| DHO Shirley Singleton, and SCDC, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

This matter is before the Court on Respondent's[1] motion for summary judgment. [Doc. 17.] Petitioner is a state prisoner who seeks relief pursuant to Title 28, United States Code, Section 2254. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on October 4, 2010.[2] [Doc. 1.] On January 25, 2011, Respondent moved for summary judgment. [Doc. 17.] On February 7 and 22, 2011, Petitioner filed responses in opposition to Respondent's motion for summary judgment. [Docs. 26, 29; *see also* Doc. 34.] Petitioner also filed a motion for deposition and to subpoena witnesses [Doc. 31] and a "Motion Outside the Pleading Presenting Matters" [Doc. 37].

---

[1] Respondents Ridgeland Correctional Institution, Ms. Myers, DHO Shirley Singleton, and SCDC were terminated as parties on October 13, 2010. [Doc. 9.]

[2] A proper form Petition was added to Docket Entry 1 on October 28, 2010.

Having carefully considered the parties' submissions and the record in this case, the Court recommends that Respondent's motion for summary judgment be granted, and the Petitioner's "Motion Outside the Pleading Presenting Matters,"[3] the Petitioner's motion for deposition and to subpoena witnesses, and the Petition be denied.

## BACKGROUND

In March 2005, Petitioner was indicted for second degree burglary. [App. 115–16.][4] On October 17, 2005, Petitioner entered a plea of guilty[5] [App. 1, 3, 29]; as part of the plea agreement, a charge of third degree burglary and a charge of forgery were nol prossed [App. 3]. James Huff represented Petitioner at the plea colloquy. [App. 1, 3.] Petitioner received a sentence of nine years. [App. 32–33.]

Direct Appeal

Petitioner appealed his sentence, and his appellate counsel filed an Anders brief and a petition to be relieved as counsel on September 7, 2006. [Doc. 18-1.] On January 11, 2008, the Court of Appeals dismissed the appeal, and on January 31, 2008, the court issued remittitur. [Docs. 18-2, 18-3.] Petitioner filed a notice of appeal and a motion for speedy remedy with the South Carolina Supreme Court; on January 29, 2008, the Supreme Court dismissed without prejudice the notice of appeal and denied the motion. [Doc. 18-4.] The Supreme Court explained that for purposes of Supreme Court review, the decision of the Court of Appeals was not final because a petition for rehearing had not

---

[3] As discussed below, the Court construes this motion as a motion for summary judgment.

[4] The Appendix can be found at Docket Entry 18-8.

[5] A jury had been drawn and the case was ready to go to trial at the time Petitioner decided to accept the plea bargain. [App. 10–11.]

2

been made to and ruled on by the Court of Appeals; therefore, the Supreme Court could not consider the appeal nor the motion. [*Id.*] Subsequently, Petitioner filed in the South Carolina Supreme Court a motion for reinstatement, which the court denied on February 5, 2008. [Doc. 18-5.] Petitioner continued to file pro se motions in the Supreme Court, and the court issued an order on April 16, 2008, denying Petitioner's motions and instructing Petitioner that some claims would best be addressed in an application for post-conviction relief ("PCR"), and stating that the court would no longer accept documents for filing in Petitioner's case because the case had been remitted to the lower court. [Doc. 18-6.]

**PCR Application**

Petitioner filed an application for post-conviction relief ("PCR") on January 24, 2008. [App. 34.] Petitioner asserted several grounds for relief, including the denial of a speedy trial; ineffective assistance of counsel; lack of subject matter jurisdiction; a violation of rights by the solicitor and the judge; and deprivation of *Brady* material, discovery, Fifth and Eighth Amendments, and a fingerprint analysis test. [App. 35–36.] On December 1, 2009, the PCR court held a hearing on Petitioner's PCR application [App. 45–100], and Petitioner was represented at the hearing. The PCR court issued an order denying Petitioner's application on April 19, 2010. [App. 105–13.] Petitioner timely filed a notice of appeal [see App. 114], and on December 10, 2010, Petitioner's appellate counsel filed a Johnson petition for writ of certiorari to the South Carolina Supreme Court, as well as a petition to be relieved as counsel [Doc. 18-7.] Petitioner's petition for writ of certiorari is pending before the South Carolina Supreme Court. [Doc. 18 at 1.]

**Petition for Habeas Corpus**

On October 4, 2010, Petitioner filed this Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Doc. 1.] Petitioner asserts ineffective assistance of counsel as his ground for relief, alleging three failures as the basis of his ineffective assistance claim: (1) failure to raise an alibi defense, (2) failure to make a demand for "Rule 5 Brady material and fingerprint analysis test to prove his client innocent of burglary 2nd degree," and (3) failure to make a motion for acquittal based on "no state victim evidence." [Doc. 1 at 5.] Respondent filed a motion for summary judgment on January 25, 2011 [Doc. 17], which is now ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S.97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se Petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d

4

411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at

252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

### *Generally*

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,*

6

134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief

7

to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

*Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B) (i) there is an absence of available State corrective process; or
>>
>>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the

exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).  Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application.  S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976).  If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment.  S.C. R. Civ. P. 59(e).  Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court.  *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[6]  Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts.  For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment.  S.C. App. Ct. R. 203(b)(2), (d)(1)(B).  A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45.

---

[6]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d at 162–65.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977). Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is

barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87.

11

In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

## **DISCUSSION**

**Respondent's Motion for Summary Judgment**

Respondent argues that the Petition should be denied because Petitioner has not exhausted his state court remedies. The Court agrees.

Under § 2254(b)(1)(A), a petitioner must exhaust his state court remedies before filing a petition for habeas relief in this Court. In South Carolina, a petitioner exhausts his state court remedies by presenting his claims to the South Carolina Supreme Court. *See Matthews*, 105 F.3d at 911. Petitioner's state court remedies are not exhausted because the South Carolina Supreme Court has not issued an order regarding Petitioner's *Johnson* petition, appealing the denial of his PCR application. Therefore, pursuant to § 2254(b), the Court cannot consider the Petition, and the Court recommends that Respondent's motion for summary judgment be granted.

**Petitioner's Motion for Summary Judgment**

Petitioner filed a motion captioned "Motion Outside the Pleading Presenting Matters," which the Court construes as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). As discussed above, the Court finds that Petitioner has failed to exhaust his state court remedies; accordingly, the Court recommends that Petitioner's motion for summary judgment be denied.

**Petitioner's Motion for Deposition and to Subpoenas Witnesses**

This Court has recommended that Respondent's motion for summary judgment be granted and Petitioner's motion for summary judgment be denied. In the event that the

District Court does not adopt this recommendation and the case proceeds, the Court recommends that Petitioner's motion for deposition and subpoenas [Doc. 31] be granted.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED, Petitioner's motion for summary judgment be DENIED, Petitioner's motion for deposition and subpoenas be DENIED, and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>United States Magistrate Judge

April 27, 2011
Greenville, South Carolina