IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Sylvester Merriweather, ) | |
| ) | C/A No. 8:10-2566-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Warden Levern Cohens, Ridgeland ) | |
| Correctional Institution, Ms. Myers, ) | |
| DHO Shirley Singleton, and SCDC, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

Petitioner Willie Sylvester Merriweather is an inmate in custody of the South Carolina Department of Corrections. On October 4, 2010, Petitioner filed the within petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is being confined unlawfully.

This matter is before the court on motion for summary judgment filed by Respondents on January 25, 2011. By order filed January 28, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed responses in opposition to Respondents' motion on February 7, 2011 and February 22, 2011. Petitioner also filed a "Motion Outside the Pleadings Presenting Matters" on March 14, 2011.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling. On April 27, 2011, the Magistrate Judge issued a Report and Recommendation in which she determined that Petitioner has pending before the South Carolina Supreme Court a petition pursuant to Johnson v. State, 364 S.E.2d 201 (S.C. 1988), with respect to his application for post-conviction relief. Accordingly, the

Magistrate Judge recommended, among other things, that Respondents' motion for summary judgment be granted on the grounds that Petitioner has not exhausted his state remedies as required by 28 U.S.C. § 2254(b)(1)(A). Petitioner filed objections to the Report and Recommendation on May 19, 2011, and submitted additional attachments to his objections on June 14, 2011.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Petitioner's objections generally challenge the Magistrate Judge's findings and recommendations but do not contest that a Johnson petition remains pending before the South Carolina Supreme Court. The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). Petitioner's objections are without merit.

## CONCLUSION

The court adopts the Report and Recommendation and incorporates it herein by reference. For the reasons stated, Respondent's motion for summary judgment (ECF No. 17) is **granted**. Petitioner's remaining motions are **denied** as moot. Petitioner's petition for a writ of habeas corpus is **denied** and dismissed, without prejudice.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases, as effective December 1, 2009, provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Petitioner has not made the requisite showing. Accordingly, the court **denies** a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

September 23, 2011.

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**